**SO ORDERED: December 07, 2006.**

_____
**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Kenneth D. Davis and | ) | Case 05-73533-BHL-13 |
| Joan A. Davis. | ) | |
| | ) | |
| Debtors. | ) | |

### ORDER ON MOTION TO DETERMINE SECURED STATUS OF THE INTERNAL REVENUE SERVICE

This matter came before the Court on the Debtors' **Motion to Determine Secured Status of United States Internal Revenue Service** and the **Response of United States Internal Revenue Service to Motion to Determine Secured Status**. The Court held a hearing on the question of whether the IRS's notice of federal tax lien (NFTL) filed in the Debtors' county of residence (Vanderburgh County, Indiana) perfected its lien on an item of personal property (a houseboat) located in another state (Kentucky). The parties agreed that the Court should rule on the matter based upon the briefs filed.

The Internal Revenue Code, 26 U.S.C. § 6323(f)(1), requires the IRS to file a NFTL "[i]n the

case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated." In this case, that would mean that the IRS should make its filing in Lyon County (the location of the houseboat), as required by Kentucky Revised Statute 186A.190(2) ("If the debtor does not reside in the Commonwealth, the notation of the security interest shall be done in the office of the county clerk in which the property is principally situated or operated."). The Internal Revenue Code also provides, however, that for purposes of filing a NFTL, personal property subject to a tax lien "shall be deemed to be situated ... at the residence of the tax payer at the time the notice is filed." 11 U.S.C. § 6323(f)(2)(B). Therefore, the IRS was not required to file its NFTL in Lyon County, Kentucky to perfect its security interest in the Debtors' houseboat: that was accomplished upon the filing in the Debtors' county of residence, Vanderburgh.

Therefore, the Court **DETERMINES AND ORDERS**:

1. That the IRS had a properly perfected security interest in the houseboat; and
2. The proceeds of the sale of the houseboat of are subject to the IRS's lien.

###